OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by vacating the award of interest, with costs payable out of the estate to all parties appearing separately and filing separate briefs, and the matter remitted to Surrogate’s Court, New York County, for further proceedings in accordance with this memorandum and, as so modified, affirmed.
These cross appeals involve the ownership and distribution of $200,000 invested in a certificate of deposit of respondent Citibank, N. A. The certificate was originally purchased in the name of the decedent but subsequently transferred by the bank into the joint names of decedent and respondent Jossen, one of her two daughters. It matured January 31,1975, after decedent’s death. The principal and accrued interest on the certificate were held by respondent Citibank, N. A. in a noninterest bearing account from January 31, 1975 until the court ordered the funds deposited at interest by order dated July 31, 1979. Petitioner Roberts is the other daughter of decedent and the executrix of her estate.
 Insofar as respondent Jossen appeals from the order of the Appellate Division reversing the determination of Surrogate’s Court that the certificate belonged to her and directing respondent Citibank, N. A. to turn over the funds to the estate, we find that the determination of the facts by the Appellate Division (99 AD2d 1002) more nearly comports with the weight of the evidence and should be sustained. With respect to the cross appeals of respondent Citibank, N. A. and respondent Roberts, however, the order is modified by vacating that portion which directed the bank to pay interest on the funds at the statutory rate from February 1, 1975 to July 31, 1979. Respondent bank points out that the question of its liability to pay interest was disputed in the Surrogate’s Court, never resolved by its decree and was not submitted to the Appellate Division. Its contention is supported by the *878 record which indicates that Surrogate’s Court entered an order after its decision on ownership, five days before executing its decree, specifically holding in abeyance the determination of liability for interest on the invested funds after the maturity until its 1979 order. The reference in the Surrogate’s decree to “all accrued interest” was not intended to alter that prior ruling, but referred to “earned” interest accrued before the certificate matured and after the court’s 1979 order. Accordingly, the order of the Appellate Division should be modified and the matter remitted to Surrogate’s Court for a determination of whether cross appellant Citibank, N. A. is liable to the estate for interest on the funds deposited and if so, the proper rate and period for which interest is due.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order modified, with costs payable out of the estate to all parties appearing separately and filing separate briefs, and matter remitted to the Surrogate’s Court, New York County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.